Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Non-Party TOM Shipping
Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HAWKNET, LTD.,

                              Plaintiff,

   -against-

                                                     07 Civ. 5912 (NRB)
OVERSEAS SHIPPING AGENCIES,                        ECF CASE
OVERSEAS WORLDWIDE HOLDING GROUP,
HOMMAY GENERAL TRADING CO., LLC,
MAJDPOUR BROS. CUSTOMS CLEARANCE,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A.,
GULF OVERSEAS LLC,
GULF OVERSEAS GENERAL TRADING, LLC, and
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,

                              Defendants.
------------------------------------------------------------x

## HARDISON DECLARATION

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a member of the Bar of the State of New York, I am admitted to practice before this Honorable Court, and I am a partner in the firm of Eaton & Van Winkle LLP, attorneys for Non-Party TOM Shipping Vermittlung GmbH ("TOM Shipping").

2.   I make this Declaration in support of an application to vacate an attachment of certain assets of Non-Party TOM Shipping at The Bank of New York.

3.   On June 21, 2007, Plaintiff Hawknet filed a complaint in this Court (a copy of the complaint is attached to this Declaration as Exhibit 1). In the complaint, Plaintiff Hawknet alleged a breach of charter party by certain named Defendants and asked the Court to authorize the issuance of Process of Maritime Attachment and Garnishment ("Process"). On June 29, 2007, the Court authorized the issuance of such Process (a copy of the Docket Sheet for this case is attached as Exhibit 2 – see Entry No. 10). Thereafter, the Process apparently was served on various garnishee banks including The Bank of New York.

4.   On March 17, 2008, Non-Party TOM Shipping initiated a wire transfer in the amount of $2,406,195.00 in order to pay certain freight charges due in connection with TOM Shipping's charter of the M/V JOUDI (see accompanying Declaration of Assadollah Rahimzadeh dated April 4, 2008 ("Rahimzadeh Declaration" at ¶ 5).

5.   On about March 20, 2008, while transiting New York through The Bank of New York, the wire transfer was attached as a result of the Process being issued in connection with the captioned proceeding (Rahimzadeh Declaration at ¶ 7). The restraint was caused by an address in the wire transfer for Non-Party TOM Shipping which referenced MOS Overseas Shipping Verrmittlung GmbH (one of the Defendants in the captioned proceeding)(Rahimzadeh Declaration at ¶ 8). The incorrect address for TOM Shipping in the wire transfer was due to an erroneous address for TOM Shipping in its Hamburg Bank's

database which resulted from a misunderstanding at the time TOM Shipping opened its account at the bank (Rahimzadeh Declaration at ¶¶ 9-10 and 11).

6. A review of the Complaint attached as Exhibit 1 makes it clear that Non-Party TOM Shipping is not a named Defendant in the captioned proceeding and that no allegations have been made against Non-Party TOM Shipping.

7. Yet, the property that has been attached at The Bank of New York is the property of Non-Party TOM Shipping (Rahimzadeh Declaration at ¶ 3).

8. It is improper under the case law of this Circuit to attach the property of a Non-Party to a proceeding (see accompanying Memorandum of Law) and the attachment of the sum of $2,406,195.00 at The Bank of New York should be vacated.

9. No prior application has been made for the relief requested here.

Dated: New York, New York
April 4, 2008

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael O. Hardison