Keith W. Heard (KH-8578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAWKNET LTD., <br><br>                  **Plaintiff,** <br><br> -against- <br><br> OVERSEAS SHIPPING AGENCIES; OVERSEAS WORLDWIDE HOLDING GROUP;  HOMAY GENERAL TRADING CO. LLC;  MAJDPOUR BROS CUSTOMS CLEARANCE, MAJDPOUR BROS INTERNATIONAL SEA & LAND TRANSPORT S.A.;  GULF OVERSEAS LLC; GULF OVERSEAS GENERAL TRADING LLC  and  MOS OVERSEAS SHIPPING VERMITTLUNG GMBH, <br><br>                  **Defendants.** | **DECLARATION OF KEITH W. HEARD IN OPPOSITION TO MOTION TO VACATE ATTACHMENT AND IN SUPPORT OF CROSS-MOTION TO AMEND** <br><br> **07 CV 5912 (NRB)** <br><br> **Electronically Filed** |

STATE OF NEW YORK      )
                              :  ss.:
COUNTY OF NEW YORK  )

    I, KEITH W. HEARD, pursuant to the provisions of 28 U.S.C. § 1746, hereby declare and state as follows:

    1.  I am a partner in the law firm of Burke & Parsons, 100 Park Avenue, New York, New York  10017-5533, counsel for plaintiff Hawknet Ltd. in this Rule B maritime attachment action.  I submit this declaration in opposition to non-party TOM Shipping Vermittlung GmbH's motion to vacate an attachment of funds at the Bank of New York Mellon ("BONY Mellon") on March 18, 2008 and in support of plaintiff

- 1 -

Hawknet's cross-motion for leave to file a Second Amended Complaint adding TOM Shipping as a defendant.

2. The Amended Verified Complaint in this action has already been submitted to the Court as Exhibit 1 to the declaration of Michael O. Hardison, counsel for TOM Shipping.

3. In addition to the action filed by Hawknet against the defendants herein, Deiulemar Compagnia di Navigazione S.p.a., another shipping company, filed a separate Rule B attachment action against nearly all of the same defendants on the basis of a breach of maritime contract by defendant Gulf Overseas General Trading LLC ("GOGT"), a company in the Majdpour group. That action is pending before Judge Batts and bears docket no. 07 CV 4655. A copy of the Verified Complaint in that action is attached as Exhibit A to this declaration.

4. When counsel for BONY Mellon notified your declarant of the attachment that took place in this action on March 18, 2008, which is the subject of the instant motion to vacate, the bank also notified counsel for Deiulemar in the action just described. Upon information and belief, the funds are subject to the attachment of plaintiff Deiulemar in that action as well as plaintiff Hawknet in this action.

5. Acting for Deiulemar, the London firm of Charles Taylor & Co. Limited hired Gray Page Intelligence Services Limited ("Gray Page") to conduct an investigation into Gulf Overseas General Trading LLC, MOS Overseas Shipping Vermittlung GmbH and TOM Shipping. A copy of the resulting Gray Page report dated April 4, 2008 is attached as Exhibit B to this declaration. The report reaches the following conclusions:

- Gulf Overseas General Trading, Overseas Shipping Agencies and MOS Overseas Shipping Vermittlung GmbH are all controlled by members of the Majdpour family, with Overseas Shipping Agencies "at the head" of the group of companies they control. (pages 2 and 3)

- The Majdpours have used all three companies to charter vessels for their businesses.  (pages 2 and 4)

- The "parent group has continued to operate in the charter market under its own name and now under the name of TOM."  (page 2)

- George Lemos, the broker for TOM Shipping on the M/V JOUDI, and his company Sea Challenger Maritime Limited serve as brokers for the Majdpour brothers.  (pages 5 and 7)

- Overseas Shipping Agencies is involved in the voyage of the JOUDI because it purchased the cargo that was being transported on the ship.  (page 6)

- The Majdpour brothers control the vessels TOM SHIP 1 and TOM SHIP 2.  (page 7)

- TOM Shipping is a new entity established by the Majdpour group.  (page 8)

6. On September 12, 2007, an attachment was effected in this action against funds of MOS Overseas in the amount of $3,780 at HSBC Bank in New York and notice of the attachment was faxed to MOS Overseas on September 13, 2007, pursuant to Local Admiralty Rule B.2.  A copy of the notice is attached as Exhibit C to this declaration.

7. On January 7, 2008, an attachment was effected in this action against funds of MOS Overseas in the amount of $22,394.12 at the BONY Mellon and notice of the attachment was faxed to MOS Overseas that same day, pursuant to Local Admiralty Rule B.2.  A copy of the email notice received from counsel from BONY Mellon as well as the notice I faxed to MOS Overseas are attached as Exhibits D and E to this declaration.

8. A German "guide to business" website lists MOS Overseas and TOM Shipping as having the same address at Neuer Wall 8, Hamburg 20354, Federal Republic of Germany.  Copies of the screen prints from this website for both companies are attached as Exhibits F and G to this declaration.

9. On April 7, 2008, I sent an email to Michael Hardison, counsel for TOM Shipping, to request correspondence relating to the fixture of the M/V JOUDI, the

vessel allegedly chartered by TOM Shipping for which freight was being paid when the March 18th attachment took effect, and all documents "that would indicate the source or origin of a transfer of Euros 1,600,000 that was received in the account allegedly owned by TOM Shipping at Hamburger Sparkasse Bank in Hamburg on March 17, 2008."  A copy of that email is attached as Exhibit H to this declaration.

10.  On behalf of TOM Shipping, Mr. Hardison rejected my request in his email to me of April 8th, a copy of which is attached as Exhibit I to this declaration.

11.  Equasis (www.equasis.org) is a website developed and hosted by the France-Ministry for Transport to provide "safety related information" and other information on ocean-going vessels.  A copy of the screen print from this website for the M/V TOM SHIP 1, showing that the vessel's insurer is Steamship Mutual Underwriting Association (Bermuda), is attached as Exhibit J to this declaration.

12.  A copy of plaintiff's proposed Second Amended Verified Complaint is attached as Exhibit K to this declaration.

        __s/Keith W. Heard_____
        KEITH W. HEARD

**DECLARATION PURSUANT TO 28 U.S.C. § 1746**

I declare under penalty of perjury under penalty of perjury that the foregoing is true and correct and has been executed on this, the 9th day of April, 2008.

        __s/Keith W. Heard_____
        KEITH W. HEARD

- 5 -

O:\CM\9000_JPS\BP_Doc\9000_0032_Heard declaration re TOM Shipping.doc