Keith W. Heard (KH-8578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWKNET LTD.,<br><br>                            Plaintiff,<br><br>-against-<br><br>OVERSEAS SHIPPING AGENCIES;<br>OVERSEAS WORLDWIDE HOLDING<br>GROUP; HOMAY GENERAL TRADING<br>CO. LLC; MAJDPOUR BROS CUSTOMS<br>CLEARANCE, MAJDPOUR BROS<br>INTERNATIONAL SEA & LAND<br>TRANSPORT S.A.; GULF OVERSEAS<br>LLC; GULF OVERSEAS GENERAL<br>TRADING LLC and MOS OVERSEAS<br>SHIPPING VERMITTLUNG GMBH,<br><br>                            Defendants. | DECLARATION OF<br>MATTHIAS<br>BIMSCHAS IN<br>OPPOSITION TO<br>MOTION TO VACATE<br>ATTACHMENT AND<br>IN SUPPORT OF<br>CROSS-MOTION TO<br>AMEND |

FEDERAL REPUBLIC OF GERMANY)
                                   )ss:
CITY OF HAMBURG                     )

      MATTHIAS BIMSCHAS, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

      1. I am 40 years old and have worked since 1999 for Claas W. Brons of Bei dem Neuen Krahn 2, Hamburg 20457, Germany. Claas W. Brons, which has been in existence since 1871, acts as a local correspondent in Hamburg for various marine insurance companies around the world. Among other things, we conduct factual investigations in maritime cases, such as this one.

2. I was asked to conduct an investigation into the circumstances of TOM Shipping Vermittlung GmbH, a new company that was just formed in September of last year. My colleagues and I did indeed conduct such an investigation and now report the findings of our work in this declaration.

3. I have been advised that money being sent from an account in the Hamburger Sparkasse Bank (hereinafter "the bank"), here in Hamburg, to an account in Singapore was attached by court process in this lawsuit in New York. I have been further advised that TOM Shipping claims the money belongs to it and that it is allegedly a separate company from the defendant MOS Overseas Shipping Vermittlung GmbH. However, the results of our investigation cause me to have serious doubt about what TOM Shipping is saying.

4. As part of our investigation, I visited the bank on Monday, April 7, 2008, met Mr. Asadollah Rahimzadeh of TOM Shipping and his company's attorney, and examined such documents as the bank would allow me to see. I asked to see the original account agreement between TOM Shipping and the bank but I was told that the original is stored in an archive to which the bank did not have access at short notice. This struck me as unusual for a new account but that is what I was told.

5. While at the bank, I obtained the bank's record of amendments to the address information for TOM Shipping's account. A copy of that document is attached as Exhibit A to my declaration. As you will note, some amendments were made on 25 and 26 March 2008. According to the bank, there is no record stating what kind of amendment has been carried out. As a result, it is simply unclear what changes were made to the address information, as maintained for this account by the

bank. It is entirely possible that the amendments were made to change or delete references to the address of MOS Overseas on the bank's records.

6. Finally, during my visit to the bank, I was able to obtain a printout of all activity in the account from January 29, 2008, which I understand to be about the time it was opened, through April 7th, the date of my visit. A copy of that document is attached as Exhibit B to my declaration. The statement shows that, although there was no significant activity prior to March 17, 2008, on that day, the sum of € 1,600,000 was transferred into the account. The very next day, most of that money was transferred out of the account and remitted to "Brooklands Planning Pte. Ltd." I understand it is that money which was attached in this lawsuit in New York. However, there is no explanation as to how the money came into the account in the first instance.

7. The wire transfer instructions that Mr. Rahimzadeh apparently provided to the bank for the transfer to Brooklands are attached as Exhibit C to my declaration. The address shown on the instructions is as follows:

> TOM Shipping Vermittlung GmbH
> Forsterweg 22   C/o Rahimzadeh
> 22585 Hamburg

At plaintiff Hawknet's request, I visited that address and found that it was not a commercial building at all but was instead simply an apartment house. There is a name plate for Mr. Rahimzadeh at this location but nothing at all to indicate that TOM Shipping is located or doing business there. Attached as Exhibit D to my declaration is a photograph of the building at Forsterweg 22 and attached as Exhibit E

is a photograph of the nameplate showing Mr. Rahimzadeh's name without any reference to TOM Shipping. I would be very surprised indeed if this is where TOM Shipping actually has its office.

8. I checked on-line directory assistance for Hamburg but could find no telephone listing for TOM Shipping, which is again odd for a business. Attached as Exhibit F to my declaration is a computer screen print showing the absence of any telephone listing for TOM Shipping in Hamburg. On the other hand, this same on-line directory assistance website had both telephone and facsimile numbers for MOS Overseas. Please see the second page of Exhibit F.

9. The Articles of Association for TOM Shipping are attached as Exhibit G to this declaration. The articles state that the company has three shareholders, of whom two are also the directors. The shareholders are Mr. Rahimzadeh, Rasa Soufi Amlashi and Akram Alizadeh Matanagh. Mr. Rahimzadeh and Ms. Amlashi also serve as the directors. While Ms. Matanagh is 49 years of age, Ms. Amlashi is only 22 years of age. Both of these ladies are shown as having the same address, which is Harvestehuder Weg 79, Hamburg 20149. I arranged for Mr. Gunnar Neubauer, one of my colleagues at Claas W. Brons, to visit that address and take photographs. What he found is that the location is a residential building and the names "Amlashi" and "Matanagh" do not appear on any of the nameplates by the doorbells. However, the name "Majdpour" does appear on one of the nameplates. Attached as Exhibits H, I, J and K to this declaration are photographs of the house at that address and of the plates showing the Majdpour name.

_____
MATTHIAS BIMSCHAS

### DECLARATION PURSUANT TO 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and has been executed on this, the 9th day of April, 2008.

_____
MATTHIAS BIMSCHAS