Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Non-Party TOM Shipping
Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HAWKNET, LTD.,

                                Plaintiff,

   -against-

OVERSEAS SHIPPING AGENCIES,
OVERSEAS WORLDWIDE HOLDING GROUP,
HOMMAY GENERAL TRADING CO., LLC,
MAJDPOUR BROS. CUSTOMS CLEARANCE,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A.,
GULF OVERSEAS LLC,
GULF OVERSEAS GENERAL TRADING, LLC, and
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,

                                Defendants.
-----------------------------------------------------------------x

07 Civ. 5912 (NRB)
ECF CASE

## SECOND HARDISON DECLARATION

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

    1.    I am a member of the Bar of the State of New York, I am admitted to practice before this Honorable Court, and I am a partner in the firm of Eaton & Van Winkle LLP, attorneys for Non-Party TOM Shipping Vermittlung GmbH ("TOM Shipping").

2. I make this Declaration in further support of an application to vacate an attachment of certain assets of Non-Party TOM Shipping at The Bank of New York.

3. I refer to the Declaration of Keith Heard, Esq. ("Heard Declaration") and attached document prepared by Grey Page Intelligence Services Limited ("Grey Page")(Heard Declaration - Exhibit B). This document, which was not prepared for Plaintiff Hawknet but for an entirely different entity, contends that the cargo carried aboard the M/V JOUDI was sold to Overseas Shipping Agencies (Iran) and that such sale supports a link between Non-Party TOM Shipping and Overseas Shipping Agencies (Iran)(Heard Declaration - Exhibit B at Page 6). This bald allegation is not only wholly unsupported it also is totally contradicted by the evidence before the Court.

4. The Letter of Credit ("L/C") which covered the carriage of the cargo clearly states that the applicant of the L/C is "Agricultural Support Services Co." ("ASSC") and the beneficiary of the L/C is TOM Shipping (a copy of the L/C is attached as Exhibit 1). The L/C makes no mention whatsoever of Overseas Shipping Agencies (Iran). Grey Page is obviously misinformed.

5. The Freight Invoice demonstrates that TOM Shipping billed the freight for the carriage of the cargo to ASSC (a copy of the Freight Invoice is attached as Exhibit 2). The Freight Invoice makes no mention whatsoever of Overseas Shipping Agencies (Iran). This is additional proof that Grey page is obviously misinformed.

6.  The Bill of Lading covering the cargo states that TOM Shipping is the carrier of the cargo, that L/C FE 86001673 was opened by Bank Markazi Jomhouri Islami Iran ("Bank Markazi") upon the application of ASSC, that ASSC is the Notify Party and that the cargo is to be delivered to the order of Bank Markazi (ASSC's bank)(a copy of the Bill of Lading is attached as Exhibit 3). Once again there is no mention whatsoever of Overseas Shipping Agencies (Iran). This is further proof that Grey Page is obviously misinformed.

7.  The Declaration of Matthias Bimschas ("Bimschas Declaration"), who was permitted by TOM Shipping to review the records relating to TOM Shipping's account at Hamburger Sparkasse, attempts to raise doubt about the source of the funds that TOM Shipping used for the wire transfer that was attached at the Bank of New York (Bimschas Declaration at ¶ 6).

8.  There is no mystery about the source of the funds. Mr. Rahimzadeh, the Managing Director of TOM Shipping, simply transferred the funds from eihbank in Hamburg to Hamburger Sparkasse in Hamburg (a copy of the records relating to the transfer is attached as Exhibit 4). There is no reference whatsoever to Overseas Shipping Agencies (Iran) or any other Defendant in these records. Mr. Bimschas' effort to raise doubt about the source of funds is a misguided effort.

9.  Mr. Bimschas also attempts to raise doubts about TOM Shipping by noting that the address used by TOM Shipping (Forsterweg 22, D-22585 Hamburg, c/o Mr. Rahimzadeh) is a residential building. The Court is undoubtedly well aware that it is not

unusual for a person to operate a business from his residence. This would be especially true for a new business such as TOM Shipping. There is nothing untoward regarding the fact that TOM Shipping operates from a residential building.

10. The Declaration of William Cook ("Cook Declaration") states that he asked an unnamed shipping broker in Greece to make inquiries with the purported manager of the M/V JOUDI and the unnamed shipping broker was supposedly advised by the purported manager (double hearsay!) that the vessel was sub-chartered from Brooklands Planning to "something like Overseas."

11. This double hearsay is directly contradicted by the record before the Court. The sub-charter is available for review (Hardison Declaration - Exhibit 2). The sub-charter unequivocally demonstrates that the M/V JOUDI was sub-chartered from Brooklands Planning to TOM Shipping. Mr. Cook, like Grey Page and Mr. Bimschas, is plainly misinformed.

12. It is clear that the allegations in the proposed Second Amended Complaint and the points sought to be made by Plaintiff Hawknet are wholly contradicted by the record. The allegations and arguments are nothing more than speculation built upon surmise. It would be an exercise in futility to allow another amendment of the complaint too add TOM Shipping as a defendant. The Court should deny Plaintiff Hawknet's cross-motion and direct the release of the funds being held by the Bank of New York

Dated: New York, New York
April 10, 2008

I declare under penalty of perjury that the foregoing is true and correct.


                                                /s/Michael O.Haedison
                                                Michael O. Hardison