Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant
TOM Shipping Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

HAWKNET, LTD.,

                                            Plaintiff,

        -against-

                                                                07 Civ. 5912 (NRB)
OVERSEAS SHIPPING AGENCIES,                                     ECF CASE
OVERSEAS WORLDWIDE HOLDING GROUP,
HOMMAY GENERAL TRADING CO., LLC,
MAJDPOUR BROS. CUSTOMS CLEARANCE,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A.,
GULF OVERSEAS LLC,
GULF OVERSEAS GENERAL TRADING, LLC,
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,
and TOM SHIPPING VERMITTLUNG GMBH,

                                            Defendants.

------------------------------------------------------------------------x

## VERIFIED ANSWER TO SECONDED AMENDED VERIFIED COMPLAINT

        Defendant, TOM Shipping Vermittlung GmbH ("TOM"), by its attorneys, Eaton &

Van Winkle LLP, for its Verified Answer, upon information and belief, alleges as follows:

        1.   Admits the allegations contained in Paragraph 1 of the Second Amended Verified

Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Amended Verified Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Verified Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Verified Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Verified Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Verified Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Verified Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Verified Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Verified Complaint.

10.    Admits the allegations contained in Paragraph 10 of the Second Amended Verified Complaint.

11.    Admits that Defendant TOM is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country but, except as so expressly

admitted, denies the remaining allegations contain in Paragraph 11 of the Second Amended Verified Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Verified Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Verified Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Verified Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Verified Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Verified Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Verified Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Verified Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Verified Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Verified Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Verified Complaint.

22.    Admits that interest, attorneys' fees and costs are potentially recoverable under English law in London arbitration at the discretion of the arbitration tribunal and otherwise admits the allegations contained in Paragraph 22 of the Second Amended Verified Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Second Amended Verified Complaint.

24.    Admits the allegations contained in Paragraph 24 of the Second Amended Verified Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Second Amended Verified Complaint.

26.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Verified Complaint.

27.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Verified Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Verified Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Verified Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Verified Complaint.

31.     Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Verified Complaint.

32.     Admits that Defendant MOS conducts its business out of an office at Neuer Wall 8, D-20354, Hamburg, Germany but, except as so expressly admitted, denies the remaining allegations contained in Paragraph 32 of the Second Amended Verified Complaint.

33.     Denies the allegations contained in Paragraph 33 of the Second Amended Verified Complaint.

34.     Admits the allegations contained in Paragraph 34 of the Second Amended Verified Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Second Amended Verified Complaint.

36.     Admits that Defendant TOM was established as a corporation in September 2007 and does not yet have annual financial statements but, except as so expressly admitted, denies the remaining allegations contained in Paragraph 36 of the Second Amended Verified

Complaint.

37.    Denies that Defendant TOM chartered the JOUDI for the account or benefit of the other Defendants in this action and/or the Majdpours and admits the remaining allegations contained in Paragraph 37 of the Seconded Amended Verified Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Verified Complaint.

39.    Denies that stock in Defendant TOM is owned directly or indirectly by the Majdpours and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Second Amended Verified Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Second Amended Verified Complaint.

41.    Denies that Tofigh Majdpour resides at Harvestehuder Weg 79, Hamburg 20149, Germany, admits that, when he is occasionally in Hamburg, Tofigh Majdpour stays at the foregoing address, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Second Amended Verified Complaint.

42.    Admits that all of the stock in Defendant TOM is owned by Mr. Asadollah Rahimzadeh, Ms. Rasa Soufi Amlashi and Ms. Akram Alizadeh Matanagh, admits that until recently Mr. Rahimzadeh was an employee of Defendant MOS, and admits that the address

Mr. Rahimzadeh provides for Defendant TOM is his home but, except as so expressly admitted, denies the remaining allegations contained in Paragraph 42 of the Second Amended Verified Complaint.

43.     Admits that, according to Defendant TOM's articles of association, Ms. Rasa Soufi Amlashi and Ms. Akram Alizadeh Matanagh reside at Harvestehuder Weg 79, Hamburg 20149, Germany, admits that their names do not appear on any of the five nameplates at this address but the name "Majdpour" does but, except as so expressly admitted, denies the remaining allegations contained in Paragraph 43 of the Second Amended Verified Complaint.

44.     Admits that Hussain Mohammed Ali Zadeh Matanagh is related by blood to Ms. Akram Alizadeh Matanagh, who is one of TOM's shareholders, but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Second Amended Verified Complaint.

45.     Admits that none of Majdpour brothers are directors of TOM, admits that one of the Majdpour brothers has a family relationship with one of the directors, Ms. Rasa Soufi Amlashi, denies that any of the Majdpour brothers control the activities of Mr. Asadollah Rahimzadeh, another director who formerly was an employee at MOS, denies that Mr. Asadollah Rahimzadeh still works at MOS, denies that the Majdpours control and dominate the activities and affairs of TOM and otherwise denies knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Second Amended Verified Complaint.

46.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Second Amended Verified Complaint.

47.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Verified Complaint.

48.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Second Amended Verified Complaint.

49.    Denies the allegations inasmuch as they are meant to relate to Defendant TOM and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Second Amended Verified Complaint.

50.    Admits that Defendant TOM cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, admits that Defendant TOM has assets within this District but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Second Amended Verified Complaint.

51.   Admits the allegations contained in Paragraph 51 of the Second Amended Verified Complaint.

## FIRST DEFENSE

52.   The Court lacks jurisdiction over the person of Defendant TOM.

## SECOND DEFENSE

53.   The Second Amended Verified Complaint fails to state a claim upon which relief can be granted against Defendant TOM.

WHEREFORE, Defendant TOM prays as follows:

1.   That the Court dismiss the Secnd Amended Verified Complaint as against Defendant TOM;

2.   That the Court award Defendant TOM its costs, disbursements and attorneys' fees; and

3.   That the Court award Defendant TOM such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
      June 5 , 2008

EATON & VAN WINKLE LLP

By:    /s/ Michael O. Hardison
          Michael O. Hardison

          3 Park Avenue
          New York, New York 10016-2078
          (212) 779-9910

          Attorneys for Defendant
          TOM Shipping Vermittlung GmbH